UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| CLARENCE BOLING, JR., *et al.,* | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 3:16-CV-00488-TAV-CCS |
| | ) | |
| CSX TRANSPORTATION, INC., *et al.,* | ) | |
| | ) | |
| Defendants. | ) | |

| | | |
|---|---|---|
| CHRISTOPHER PAYNE, *et al.,* | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 3:16-CV-00489-TAV-CCS |
| | ) | |
| CSX TRANSPORTATION, INC., *et al.,* | ) | |
| | ) | |
| Defendants. | ) | |

## **MEMORANDUM AND ORDER**

This case is before the undersigned pursuant to 28 U.S.C. § 636, the Rules of this Court, and referral Orders [Doc. 135] [Doc. 44] of the Chief District Judge.

Now before the Court is the Plaintiffs' Motion to Stay [Doc. 37], filed in *Boling, et al. v. CSX Transp., et al.*, No. 3:16-cv-488, and the Plaintiffs' Motion for Stay [Doc. 31], filed in *Payne, et al. v. CSX Transp., et al.,* No. 3:16-cv-489.[1] Both Defendants have objected to the requested stays. The Motions are now ripe for adjudication. Accordingly, for the reasons more fully explained below, the Court finds the Plaintiffs' Motion to Stay [**Doc. 37**], filed in No. 3:16-cv-

---

[1] Due to the submission of nearly identical motions by the respective Plaintiffs and responses by the Defendants, the Court will jointly rule on the Motions.

488, and the Plaintiffs' Motion for Stay [**Doc. 31**], filed in No. 3:16-cv-489, not well-taken, and they are **DENIED**.

I. BACKGROUND

Both cases result from a train derailment that occurred in Maryville, Tennessee, on July 1, 2015. The Complaint [Doc. 1] in *Boling et al. v. CSX Transp. et al.*, No. 3:16-cv-488 ("*Boling*") is a "mass tort personal injury action" that alleges negligence, private nuisance, gross negligence, recklessness, and infliction of emotional distress, which stems from the train derailment and release of acrylonitrile. The Complaint [Doc. 1] in *Payne, et al. v. CSX Transp.*, *et al.,* No. 3:16-cv-489 ("*Payne*") is also a "mass tort personal injury action" that alleges the same theories based on the same incident.

After the Defendants in both cases removed to this Court [Doc. 1], the undersigned consolidated the cases for purposes of discovery and motion practice. Subsequently, the District Judge issued Scheduling Orders for both cases on May 4, 2017, and set the trials for October 15, 2018. With respect to the instant matters, the Plaintiffs filed for a Motion for Stay requesting that the Court stay further proceedings pending the disposition of the consolidated cases of *Tipton, et al. v. CSX Transp., et al.*, No. 3:15-cv-00311 ("*Tipton*").

II. POSITIONS OF THE PARITES

In support of their Motions, the Plaintiffs argue that it would promote judicial economy to allow the resolution of the *Tipton* matter, which is a class action case involving the evacuees of the July 1, 2015 Maryville train derailment. Furthermore, the Plaintiffs aver that a stay upon the resolution of *Tipton* would simplify the liability issues in each case, if not dispose of both cases entirely through settlement discussions. In addition, the Plaintiffs assert that staying the cases would not cause the Defendants undue prejudice or tactical disadvantage. Finally, the Plaintiffs

argue that they would suffer hardship in responding to extensive discovery if each case is not stayed.

Defendant Union Tank responds that the Motion for Stay should be denied, claiming that the Plaintiffs have not presented a compelling reason for the Court to stay all proceedings, as the issues in the present cases are not identical to the issues pending in the *Tipton* case. Defendant Union Tank acknowledges that certain identical issues exist between the present matters and the *Tipton* case, but it argues that a specific discovery plan and scheduling order could prevent the duplication of effort. In addition, Defendant Union Tank asserts that the Plaintiffs will not suffer irreparable injury if the cases move forward.

Defendant CSX Transportation also responds in opposition to the Plaintiffs' Motion for Stay asserting that no judicial efficiency will be gained by a stay due to the consolidated nature of the *Tipton* case. The Defendant argues that a stay will stall the litigation, while hindering further resolution efforts. Finally, Defendant CSX Transportation asserts that the Plaintiffs have not met their burden for proving a stay is appropriate.

## III. ANALYSIS

It is well-established that a court may exercise its "inherent [power] to control the disposition of the cases on its docket." *Proctor & Gamble Co. v. Team Techs., Inc.*, No. 1:12-cv-552, 2013 WL 4830950, at *1 (S.D. Ohio Sept. 10, 2013) (quoting *Landis v. North American Co.*, 299 U.S. 248, 254 (1936)) (brackets in *Proctor & Gamble*). Further, the "burden is on the party seeking the stay to show that there is pressing need for delay, and that neither the other party nor the public will suffer harm from entry of the order [staying the case]." *Ohio Envtl. Council v. U.S. Dist. Court*, 545 F.2d 393, 396 (6th Cir. 1977). The Sixth Circuit has explained:

> A district court has discretion to determine whether a stay is necessary to avoid piecemeal, duplicative litigation and potentially

> conflicting results. In exercising this discretion, district courts are to be accorded wide latitude. . . .
>
> While no precise test has developed to guide district courts in deciding whether to grant requested stays, courts have noted a number of relevant considerations. The most important consideration is the balance of hardships; the moving party has the burden of proving that it will suffer irreparable injury if the case moves forward, and that the non-moving party will not be injured by a stay. The district court must also consider whether granting the stay will further the interest in economical use of judicial time and resources. Relevant to this consideration is the question of whether a separate suit in another jurisdiction involves the same issues and parties and is likely to consider adequately all interests before the court considering a stay.

*Int'l Bhd. of Elec. Workers, Local Union No. 2020, AFL-CIO v. AT&T Network Sys. (Columbia Works),* 879 F.2d 864 (6th Cir. 1989).

The Court finds that the Plaintiffs have not established that a stay is necessary in this case. The Plaintiffs allege that they will suffer hardship because they will have to respond to extensive discovery on issues that may be decided in the *Tipton* matter. The Court notes, however, that *Tipton* is not a personal injury action, and while some issues may be similar, they are not identical. The Plaintiffs themselves have identified their lawsuits as "mass tort personal injury action[s]," making these cases different than *Tipton*. The Court agrees with Defendant Union Tank that there are other superior methods to avoid duplication of discovery, such as a discovery plan, and coordination among the parties involved. The Court also notes that the trial in *Tipton* is set for November 13, 2017, so the parties can plan well in advance of their own trial date on how best to proceed after *Tipton* has been litigated. Further, while the Plaintiffs argue that a stay will save judicial resources because the *Tipton* matter will resolve or eliminate some or all the issues and may encourage settlement, the Court finds this factor does not weigh heavily in the Plaintiffs' favor

given the differences between the alleged claims here verses the alleged claims in the *Tipton* case. Accordingly, the Court finds that the Plaintiffs' requests are not well-taken.

## IV. CONCLUSION

Accordingly, for the reasons cited above, the Plaintiffs' Motion to Stay [**Doc. 37**], filed in *Boling, et al. v. CSX Transp.*, *et al.,* No. 3:16-cv-488, and the Plaintiffs' Motion for Stay [**Doc. 31**], filed in *Payne, et al. v. CSX Transp.*, *et al.,* No. 3:16-cv-489, are **DENIED**.

**IT IS SO ORDERED.**

ENTER:

　　　s/ C. Clifford Shirley, Jr.　
United States Magistrate Judge